PER CURIAM.
This is a state appeal from the following order suppressing the defendant’s confession:
1. Defendant, JOHNSON, became the only suspect in this cause on or about the 1st day of April, 1984.
2. After Detective Buchman made numerous attempts to interview the defendant, CALVIN JOHNSON, in no uncertain terms advised this detective that he would not talk to him on April 17, 1984.
3. Detective Buchman was aware that Defendant JOHNSON would be coming to the Metro-Dade Police Department on the 27th day of April, 1984.
4. Upon his arrival, Detective Buchman took Defendant JOHNSON into the interview or interrogation room and closed the door. At this time, Defendant JOHNSON was in a custodial type setting thereby requiring any police officer to advise him of his Miranda warnings before commencing any interrogation.
5. Detective Buchman never advised the defendant of his Miranda warnings before commencing this interrogation.
6. Defendant’s wife, Judith Johnson, was in the room crying during this interrogation, and the Defendant was prevented from going over and seeing her.
7. There were coercive influences attendant upon the initial confession and this coercion continued throughout the subsequent confessions.
8. There was deliberate coercion and improper tactics used by the police department in obtaining both the unwarned statement and the statement obtained af *467 ter the defendant was advised of his Miranda warnings.
9. There was no break in the stream of events between the unwarned statement and the statement obtained from the defendant after the Miranda warnings were given.
10. This Court has reviewed the case of Oregon v. Elstad, — U.S. -, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985) and the facts in that case are clearly distinguishable from this cause. In that cause, the unwarned statement obtained from El-stad was voluntary. In this case, defendant JOHNSON’S unwarned statement was obtained by coercive and improper tactics which continued throughout all of the defendant’s statements.
The order is affirmed on the authority of State v. Madruga-Jimenez, 485 So.2d 462 (Fla. 3d DCA 1986); cf. Pressley v. State, 469 So.2d 908 (Fla. 5th DCA 1985) (Sharp, J., dissenting).
Affirmed.